**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


KATHERINE RENEE BRIDGEFORD,
          Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
AT-0714-21-0636-I-1

DATE: February 13, 2023


# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Katherine Renee Bridgeford</u>, Augusta, Georgia, pro se.

<u>Kimberly Kaye Ward</u>, Esquire, and <u>Sophia E. Haynes</u>, Esquire, Decatur,
    Georgia, for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member


**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her demotion appeal as moot after denying her affirmative defenses of discrimination (race and sex) and reprisal for equal employment opportunity

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(EEO) activity. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the portion of the initial decision that dismissed the demotion appeal as moot, AFFIRM the administrative judge's denial of the appellant's affirmative defenses of race and sex discrimination and reprisal for EEO activity, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The appellant filed an appeal of her November 22, 2020 demotion from Supervisory Police Officer, GS-8, to Police Officer, GS-6. Initial Appeal File (IAF), Tab 1. She raised affirmative defenses of race and sex discrimination, reprisal for engaging in EEO activity, and harmful error. IAF, Tab 36 at 2. While the appeal was pending before the administrative judge, the agency indicated that it was rescinding the demotion action. IAF, Tab 34. The agency filed, among other things, a reassignment notice dated February 23, 2022. IAF, Tab 35 at 7. The notice stated that the demotion was being rescinded effective immediately and that, "[c]oncurrent with the rescission," the appellant was being reassigned from her Supervisory Police Officer, GS-8, Step 5, position to a Secretary, GS-8, Step 5, position effective February 27, 2022. *Id*. The notice also stated that 67.3 hours of leave without pay and 1,212 hours of absent without leave would be corrected to reflect the appellant's status as on duty. *Id.*

¶3     At the prehearing conference, the parties discussed the rescission of the demotion. IAF, Tab 36 at 1-2. The administrative judge informed the parties that, for the appeal to be moot, the appellant must have received all of the relief that she could have received if the matter had been adjudicated and she had prevailed. *Id.* The administrative judge scheduled a hearing limited to the appellant's discrimination and reprisal defenses, upon which, if she prevailed, she might be entitled to damages. *Id.* at 2. The administrative judge stated that the

appellant's harmful error claim would not be adjudicated to the extent that rescission of the demotion would encompass all potential relief on that claim. *Id.*

¶4    The appellant submitted a written response to the prehearing conference order, wherein she asserted that the demotion was not moot, in part, because the agency had reassigned her to a Secretary position instead of restoring her to the Supervisory Police Officer position that she occupied before the demotion. IAF, Tab 39 at 5-6. She also asserted that she had not received "back pay with interest, overtime, appropriate contributions to her [Thrift Savings Plan] account, 67.30 hours of leave without pay and 1,212 hours absent without leave," and she requested compensatory damages and attorney fees. *Id.* at 6. Finally, the appellant asserted that she should be reinstated to a GS-9 position due to the agency's reclassification of the Supervisory Police Officer position. *Id.* After a hearing, the administrative judge issued an initial decision. She found that the agency had done all it could do to rescind the demotion, and she denied on the merits the appellant's affirmative defenses of race and gender discrimination and reprisal. IAF, Tab 48, Initial Decision (ID) at 2-9. She dismissed the appeal as moot. ID at 2, 4-5, 9.

¶5    The appellant has filed a petition for review, wherein she asserts that the demotion appeal is not moot because she has not received all of the relief that she could have received if the matter had been adjudicated and she had prevailed. Petition for Review (PFR) File, Tab 1 at 4-5. Specifically, she challenges the agency's calculation of back pay and restoration of her leave. *Id.* at 4-5, 163-65. She cites the statute permitting the authorization of attorney fees and refiles documents that she submitted to the administrative judge. *Id.* at 5-162. The agency has not filed a response.

<u>We remand this appeal for further adjudication of the demotion claim.</u>

¶6    The unilateral modification of an adverse action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or the agency completely rescinds the action being appealed. *See*

*Sredzinski v. U.S. Postal Service*, [105 M.S.P.R. 571](#), ¶ 4 (2007). As the administrative judge correctly noted, for an appeal to be deemed moot, the appellant must have received all of the relief that she could have received if the matter had been adjudicated and she had prevailed, and the agency must return her "as nearly as possible" to the status quo ante. *Thomas v. U.S. Postal Service*, [73 M.S.P.R. 120](#), 125 (1997) (quoting *Kerr v. National Endowment for the Arts*, [726 F.2d 730](#), 733 (Fed. Cir. 1984)). When, as here, the agency has not reinstated the appellant to her former position and duties, the Board will examine whether the agency had compelling reasons for not doing so. *See Currier v. U.S. Postal Service*, [72 M.S.P.R. 191](#), 199 (1996). If compelling reasons exist, the Board will next examine whether the duties and responsibilities of the former position are substantially equivalent in scope and status to those of the current position. *Id.* The administrative judge did not determine in the initial decision whether the agency had a compelling reason for reinstating the appellant to a Secretary position instead of the Supervisory Police Officer position, and the record does not contain sufficient information for us to make that determination. Accordingly, we remand the appeal to the regional office to accept evidence and make findings on these issues.[2] On remand, the administrative judge shall also make findings on whether the appellant received appropriate back pay and benefits.

¶7        We also address the appellant's argument that she should have been reinstated to a GS-9 position as a result of the agency's reclassification of the Supervisory Police Officer position. IAF, Tab 39 at 6; PFR File, Tab 1 at 11. On

---

[2] There is a threshold jurisdictional issue that must be addressed on remand. The appellant's demotion appears to have occurred during a supervisory probationary period. IAF, Tab 1 at 6 (citing [5 C.F.R. § 315.907](#)). Although the Board normally lacks jurisdiction over such actions, there are various exceptions, including if the action was taken for reasons other than supervisory or managerial performance or if it was based on marital status or partisan political discrimination. [5 C.F.R. §§ 315.907](#)-.909. On remand, the administrative judge shall make findings as to the Board's jurisdiction over this appeal.

remand, the administrative judge shall determine if the appellant is raising a constructive demotion claim. *See Crum v. Department of the Navy*, 75 M.S.P.R. 75, 80-81 (1997) (explaining constructive demotion claims). If the administrative judge finds that the appellant is raising a constructive demotion claim, she shall docket the claim as a new appeal. We make no findings as to whether the Board has jurisdiction over a potential constructive demotion claim.

We affirm the administrative judge's finding that the appellant failed to prove her affirmative defenses.

¶8 The appellant's petition for review does not challenge the administrative judge's findings as to her affirmative defenses. PFR File, Tab 1 at 4-5. We note that the appellant has filed a motion for leave to file an additional pleading on review, wherein she stated, for the first time, that she intends to challenge the administrative judge's denial of her affirmative defenses. PFR File, Tab 4 at 4. The Board's regulations do not provide for such an additional pleading, as a general rule. *See* 5 C.F.R. § 1201.114(a). The finality date of the initial decision was April 27, 2022. ID at 10. The appellant's motion was filed May 5, 2022, and we presume her first attempt at submitting argument on her affirmative defenses was in the rejected pleading dated April 30, 2022. PFR File, Tabs 3-4. The appellant has not explained why the evidence and argument she intends to file could not have been included with her petition for review or at least submitted within the time for filing a petition for review. PFR File, Tab 4. We find no basis for an exception to the general rule here. Therefore, we deny her motion. We affirm the administrative judge's findings as to the appellant's race and sex discrimination and reprisal defenses.[3] ID at 5-9.

¶9 Finally, to the extent the appellant seeks attorney fees or a related determination that she is a prevailing party, her request is premature because there is not yet a final decision in this appeal. PFR File, Tab 1 at 5 (citing

---

[3] Nothing in this Order precludes the appellant from raising affirmative defenses in connection with a potential constructive demotion claim.

5 U.S.C. § 7701(g)(1)); *see* 5 U.S.C. § 7701(g) (authorizing an award of attorney fees for a prevailing party).

## ORDER

¶10      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall make a threshold jurisdictional finding. If jurisdiction is found, the administrative judge shall determine whether the appellant's placement in the Secretary position returns her to the status quo ante, as discussed above, and shall make findings as to whether the appellant received the appropriate back pay and benefits. If the administrative judge determines that the appellant has been received all of the relief that she could have received if the matter had been adjudicated and she had prevailed, then the administrative judge shall find that the demotion appeal is moot. If not, the administrative judge shall adjudicate the merits of the demotion appeal, including the appellant's affirmative defense of harmful error.

FOR THE BOARD:                 /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.